24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re GRAND CHEVROLET, INC., and related entities,
including: Grand Motors, Inc.; Grand Wilshire
Finance Corp., Grand Rizal Finance
Corp., Grand Wilshire Capital,
Inc., Debtors.
Irving SULMEYER, Chapter 11 Trustee, Plaintiff-Appellant,
v.
GLENDALE MITSUBISHI, Defendant-Appellee.
 No. 92-56415.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1994.
Decided May 6, 1994.
As Amended on Denial of Rehearing
June 28, 1994.
 
 1
 Before: FARRIS, RYMER and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Trustee Irving Sulmeyer appeals the granting of summary judgment to Glendale Mitsubishi. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo. In re Food Catering & Housing, Inc., 971 F.2d 396, 397 (9th Cir.1992).
 
 
 4
 We have carefully reviewed the record. Glendale introduced uncontroverted evidence that from January 1988 through mid-April 1988 (prior to the 90 day preference period), the debtor purchased four vehicles from Glendale using "72 hour" purchase drafts. It took the debtor's bank, Manilabank, between 10 and 15 days to honor those drafts.
 
 
 5
 We reject the trustee's argument that our decision in Matter of Vance, 721 F.2d 259 (9th Cir.1983), precludes Glendale from invoking the contemporaneous exchange exception, 11 U.S.C. Sec. 547(c)(1), and the ordinary course of business exception, 11 U.S.C. Sec. 547(c)(2). See In re Grand Chevrolet, No. 92-56461 (9th Cir.1994).
 
 
 6
 Three of the transfers involved "72 hour" drafts[1] and two involved "sight" drafts.[2] The "72 hour" drafts and "sight" drafts were honored between 11 and 19 days after they were presented for payment. Although the payments were late, they were made in the ordinary course of business. See id. The district court correctly held that the ordinary course of business exception applied to those payments.
 
 
 7
 Five of the transfers involved drafts that were originally "72 hour" drafts. In each of those drafts, however, "72 hours" is crossed out and replaced with "30 days."[3] The "72 hour/30 day" drafts were honored 31 days after they were presented. There is no explanation in the record for why the time period on the face of the drafts was extended. The 31 day period it took to honor the drafts is significantly longer than the time it took to honor purchase drafts prior to the commencement of the 90 day preference period. Based on our review of the record, the transfers were not "ordinary in relation to past practices." In re Food Catering, 971 F.2d at 398.
 
 
 8
 Although the district court erred in holding that the transfers relating to the "72 hour/30 day" drafts were made in the ordinary course of business, the contemporaneous exchange exception is applicable. In exchange for payment, Glendale released its unperfected security interests in and title documents to the vehicles. See In re Grand Chevrolet, No. 92-56461 (9th Cir.1994). We remand to the district court so that it can determine the extent to which the release of the security interests conferred new value on the debtor's estate. See id.; see also In re Nucorp Energy, 902 F.2d 729, 733 (9th Cir.1990).[4]
 
 
 9
 Each side shall bear its own costs.
 
 
 10
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 RYMER, Circuit Judge, dissenting:
 
 11
 I would affirm the district court's conclusion that all transfers were made in the ordinary course of business. The five 72 hour/30 day drafts appear on their faces to have the "72 hour" crossed out and therefore to be 30 day drafts; they were honored in 31 days, which is timely enough. There is no evidence that the parties used only 72 hour drafts in the innumerable transfers which had occurred during their relationship, and there is no need for the party moving for summary judgment to explain why the "72 hour" was crossed out on each of the drafts at issue.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The "72 hour" drafts related to Vehicles 1 (VIN # 003158), 9 (VIN # 094618) and 10 (VIN # 070424)
 
 
 [2]
 The "sight" drafts related to Vehicles 7 (VIN # 099403) and 8 (VIN # 001806)
 
 
 [3]
 The "72 hour/30 days" drafts related to Vehicles 2 (VIN # 068083), 3 (VIN # 076797), 4 (VIN # 060516), 5 (VIN # 076409) and 6 (VIN # 067751)
 
 
 [4]
 The trustee argues that there was an additional transfer relating to Vehicle 11 (VIN # 073486). The record contains no documentation relating to this transfer, and summary judgment with respect to it was therefore appropriate